# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KEVON E. HOUSTON,<br><br>                      Plaintiff,<br>v.<br><br>SHAWANO COUNTY POLICE DEPARTMENT,<br><br>                      Defendant. | Case No. 19-CV-225-JPS<br><br><br>**ORDER** |

**1.    INTRODUCTION**

Plaintiff Kevon E. Houston, a *pro se* inmate at Kettle Moraine Correctional Institution, filed a complaint under 42 U.S.C. § 1983 alleging that Defendant violated his constitutional rights by taking his DNA without his consent. This matter is before the court on Plaintiff's motion to proceed without prepaying the civil case filing fee, (Docket #2), and for screening of his complaint, (Docket #1). This case was assigned to U.S. Magistrate Judge William E. Duffin; however, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to a U.S. District Court judge to resolve Plaintiff's motion and screen his complaint.

**2.    MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner pay an initial partial filing fee. On February 13, 2019, Magistrate Duffin ordered Plaintiff to pay

an initial partial filing fee of $13.49. (Docket #5). Plaintiff paid the fee on March 12, 2019. As such, the Court will grant his motion. Plaintiff will be required to pay the remainder of the filing fee over time in the manner described at the end of this Order.

3. SCREENING OF THE COMPLAINT

   3.1 Applicable Standards

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 3.2 Allegations in the Complaint

Plaintiff alleges that, while he was being booked at the Shawano County Jail (the "Jail"), Officer Keith Sorlie ("Sorlie") of the Defendant police department asked him to sign a permission slip allowing Sorlie to obtain DNA from Plaintiff's hands and mouth. (Docket #1 at 2). State Trooper Heinz ("Heinz") had already signed the DNA permission slip as a witness. *Id.* Although he refused to sign the permission slip, Plaintiff states that his DNA was taken anyway. *Id.* at 2–3. He asserts that this was a violation of his rights and seeks injunctive relief and compensatory and punitive damages. *Id.* at 4.

### 3.3 Analysis

Before addressing Plaintiff's substantive claim, the Court notes that he cannot sue the Defendant Shawano County Police Department under 42 U.S.C. § 1983. Section 1983 allows a plaintiff to sue a "person" who, acting

under color of law, violates his constitutional rights. Defendant is not a person, and so it is not an individual subject to suit under Section 1983. *Andreola v. Wisconsin*, 211 F. App'x 495, 497 (7th Cir. 2006) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989)); 42 U.S.C. § 1983. Therefore, Plaintiff will not be allowed to proceed with a claim against the Defendant Shawano County Police Department.

Even if Plaintiff had properly named an individual defendant, such as Sorlie or Heinz, the claim he asserts is frivolous. Wisconsin Statutes Section 165.84 provides, in pertinent part, that

> [s]ubject to rules promulgated by the department of justice under s. 165.76(4), all persons in charge of law enforcement and tribal law enforcement agencies shall obtain, when the individual's fingerprints or other identifying data are obtained, a biological specimen for deoxyribonucleic acid analysis from each individual arrested for a violent crime and each individual taken into custody for a juvenile offense that would be a violent crime if committed by an adult in this state.

Wis. Stat. § 165.84(7)(ah). The statute also defines what constitutes a violent crime by listing, among other things, over sixty felonies. Wis. Stat. § 165.84(7) (ab)(1-2).

A review of the Wisconsin Circuit Court Access Program shows that Plaintiff was arrested on January 27, 2018, and charged with first degree reckless injury, first degree recklessly endangering safety, manufacturing/delivering cocaine, and possession of a firearm by a convicted out-of-state felon. *See State of Wisconsin v. Kevon E. Houston*, Shawano County Circuit Court Case No. 2018-CF-38, *available at*: https://wcca.wicourts.gov (last visited March 21, 2018). These crimes are

among the violent crimes listed in Section 165.84(7) that require the gathering of the suspect's DNA. Thus, the officers complied with the law when they obtained Plaintiff's DNA.

Further, in *Maryland v. King*, 569 U.S. 435 (2013), the Supreme Court found that securing DNA from a criminal defendant's mouth using a buccal swab did not offend the defendant's expectations of privacy after his valid arrest supported by probable cause as required under Maryland law. The Court held that the taking of DNA after officers "make an arrest supported by probable cause to hold [a suspect] for a serious offense and they bring the suspect to the station to be detained in custody . . . is, like fingerprinting and photographing, a legitimate police booking procedure that is reasonable under the Fourth Amendment." *Id*.

**4.    CONCLUSION**

In light of the foregoing, Plaintiff has not provided any arguable basis for relief founded on rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)). As a result, the court will dismiss this case as frivolous.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #2) is **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as frivolous;

**IT IS FURTHER ORDERED** that the Clerk of Court document that Plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of March, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge